## STATE *v.* JOHN KINGSTON.

Evidence that a place was reputed to be "a low groggery," *prior* to the period of time during which the defendant is charged in an indictment with having kept a grogshop or tippling-shop, in violation of ch. 73 of the Revised Statutes, is inadmissible under the provisions of the 3d section of that chapter, as evidence from which the jury may infer a like reputation *during* that period.

THE indictment charged that the defendant, at Providence, on the 17th day of March, 1857, and on divers days and times between that day and the day of finding the indictment, being the 6th day of June, 1857, kept and maintained a certain common nuisance, to wit, a grogshop, tippling-shop, and building, place, and tenement, used for the illegal sale and keeping of intoxicating liquors.

At the trial of the indictment before Mr. Justice Shearman, at the December term, 1857, of the court of common pleas for the county of Providence, Thomas W. Hart, a witness called on behalf of the government, was asked by the attorney-general, "what the reputation of said place was between the times mentioned in the indictment?" to which question the witness replied, "that its reputation was that of a low groggery, although he had not heard the place spoken of between those dates." The counsel for the defendant thereupon objected, that testimony of the reputation of the place, before or since the period of time laid in the indictment, was not admissible under the statute ; but the court overruled the objection, and admitted the testimony, on the ground, that the reputation of the place during the period laid in the indictment, might be inferred from its previous reputation. The examination of the witness proceeding, he then said, "that he had heard the place spoken of before the said 17th day of March, and that when he spoke of its reputation between the dates mentioned in the indictment, he alluded to what he had heard before either of those dates." The defendant excepted to the admission of this testimony ; and a verdict of guilty having been returned against him, brought his objection, by a bill of exceptions, to this court.

*W. W. Updike* and *Blake*, for the defendant, cited *Commonwealth* v. *Briggs*, 11 Met. 573; *Commonwealth* v. *Elwell*, 1 Gray, 463.

*J. B. Kimball*, attorney-general, contended that the testimony was properly admitted.

1st. Testimony as to the reputation of the premises, is admissible upon the trial of an indictment of this nature, by express statute provision. Rev. Stats. ch. 73, § 3.

2d. The reputation between the days laid in the indictment, may be inferred from the previous reputation. Reputation does not change suddenly. A place which has the reputation of being a low groggery to-day, will not acquire a different reputation to-morrow.

AMES, C. J. The statute, in providing that " it shall not be necessary to prove an actual sale of intoxicating liquors in any building, place, or tenement, in order to establish the character of such premises as a common nuisance," but, amongst other things, that " the notorious character of any such premises " shall be *primâ facie* evidence that such place is a nuisance, evidently points to the reputation which *accompanies* the occupation and use of the place at the time when it is charged to be a nuisance, as a source of proof, of what the *use* of such place, at that time, really is. Its purpose is, in this respect, fulfilled, by admitting reputation of the mode of use, in addition to the more direct proof required by the common law, in all cases in which a nuisance is alleged to have been created by the illegal use of a house or tenement. No one would think of bringing direct proof, that a place had been used in such mode as to make it a nuisance prior to the time laid in the indictment, for the purpose of inferring therefrom that it was so used at the time charged; still less, do we think, that its *reputation* prior to that time is a legitimate source of such an inference. As argued by the attorney-general himself, " reputation does not change suddenly ; " and the consequence of admitting the prior reputation of the place as proof of present guilt, might be, to convict the defendant on account of the guilt of others, occupants of the place before him, or, which is quite as contrary to the rules which guide the administration of criminal

justice, to convict him of the offence charged against him, upon proof that he might have been guilty of a prior offence of the same nature which was not charged against him, and for which he was not put upon his trial.

Besides, the statute which creates and defines this offence, went into effect on the 17th day of March, 1857; and the proof of the reputation of his shop, admitted against the defendant, related wholly to its reputation prior to that time. This proof, as the judge who tried this cause below informs us in the bill of exceptions allowed by him, was permitted by him to pass to the jury, that they might infer, that a like reputation existed at the subsequent time charged in the indictment; from which, of course, they were to infer the *guilt* of the defendant at that time. Now, in addition to the objection, upon ordinary principles, to the admissibility of this evidence, that here we are to infer the guilt of the defendant from what is itself but a loose inference, we have this still more serious objection, that by drawing against him such an inference from such an inference, we are practically making this law retroact upon him, contrary to the spirit of one of the most universal axioms of general and constitutional law.

The evidence was clearly inadmissible; and a new trial is accordingly granted to the defendant, to be had at the next ensuing term of the court of common pleas for the county of Providence.